**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DANIEL RAY HERMAN, | No. CIV S-06-0105-MCE-CMK-P |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| D.L. RUNNELS, et al., | |
| Respondents. | |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court is petitioner's petition for a writ of habeas corpus (Doc. 1), filed on January 17, 2006, respondent's answer (Doc. 9), filed on February 23, 2006, and petitioner's reply (Doc. 19), filed on July 6, 2006.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## I. BACKGROUND

A. **Facts**[1]

The state court recited the following facts, and petitioner has not offered any clear and convincing evidence to rebut the presumption that these facts are correct:

> The victim lived in the back unit of a duplex, and had a carport that opened onto an alley. A neighbor noticed the carport door was partially opened, and a bicycle was leaning nearby. When he looked into the backyard, he saw defendant coming out of the house. Defendant's left arm was fully extended to push open the screen door, and his right arm was behind him as if closing the inner door. Defendant had a backpack that appeared to be full. The neighbor could see a crowbar and other tools sticking out of the top of the bag.
> When he realized he was being observed, defendant threw the backpack into some bushes, lit a cigarette, and drank from a can in a paper bag. The neighbor called 911 and also called some relatives, who joined him. Defendant picked up the backpack and rode off on his bike. The neighbors tried to follow him, but lost sight of him.
> The victim's house had been ransacked and several small items were missing. These included a backpack, a camera, a crystal clock, a boom box, a telephone answering machine, three watches, and some gold chains. All of the items could have fit inside the backpack.
> Police officers arrested defendant a short time later. Defendant initially gave a false name to the officers, but later admitted his actual identity. The officers found the bicycle, but never recovered the backpack.

B. **Procedural History**

Petitioner was convicted of one count of first degree burglary following a jury trial. The trial court found true that petitioner had two prior felony convictions. Petitioner was sentenced to 35 years to life. On direct appeal, petitioner argued: (1) there was insufficient evidence to support his conviction; (2) the sentence violates the Eighth Amendment's ban on

///

---

[1] Pursuant to 28 U.S.C. § 2254(e)(1), ". . . a determination of a factual issue made by a State court shall be presumed to be correct." Petitioner bears the burden of rebutting this presumption by clear and convincing evidence. See id. These facts are, therefore, drawn from the state court's opinion(s), lodged in this court. Petitioner may also be referred to as "defendant."

cruel and unusual punishment; and (3) there are errors in the abstract of judgment.² The California Supreme Court denied review without comment or citation.

## II. STANDARDS OF REVIEW

Because this action was filed after April 26, 1996, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") are presumptively applicable. See Lindh v. Murphy, 521 U.S. 320, 336 (1997); Calderon v. United States Dist. Ct. (Beeler), 128 F.3d 1283, 1287 (9th Cir. 1997), cert. denied, 522 U.S. 1099 (1998). The AEDPA does not, however, apply in all circumstances. For instance, when the state court reaches a decision on the merits, but provides no reasoning to support its conclusion, a federal habeas court independently reviews the record to determine whether the state court clearly erred in its application of Supreme Court law. See Delgado v. Lewis, 223 F.3d 976, 982 (9th Cir. 2000). Similarly, when it is clear that a state court has not reached the merits of a petitioner's claim, because it was not raised in state court or because the court denied it on procedural grounds, the AEDPA deference scheme does not apply and a federal habeas court must review the claim de novo. See Pirtle v. Morgan, 313 F.3d 1160 (9th Cir. 2002) (holding that the AEDPA did not apply where Washington Supreme Court refused to reach petitioner's claim under its "relitigation rule"); see also Killian v. Poole, 282 F.3d 1204, 1208 (9th Cir. 2002) (holding that, where state court denied petitioner an evidentiary hearing on perjury claim, AEDPA did not apply because evidence of the perjury was adduced only at the evidentiary hearing in federal court); Appel v. Horn, 250 F.3d 203, 210 (3d Cir.2001) (reviewing petition de novo where state court had issued a ruling on the merits of a related claim, but not the claim alleged by petitioner). When the state court does not reach the merits of a claim, "concerns about comity and

---

² As to this last claim, the Court of Appeal agreed with petitioner that there was an error in the abstract of judgment. The Court of Appeal identified two clerical errors, which it simply corrected. See People v. Mitchell, 26 Cal.4th 181, 185 (2001).

federalism . . . do not exist." Pirtle, 313 F. 3d at 1167.

Where the AEDPA is applicable, federal habeas relief under 28 U.S.C. § 2254(d) is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); see also Penry v. Johnson, 532 U.S. 782, 792-93 (2001); Lockhart v. Terhune, 250 F. 3d 1223, 1229 (9th Cir. 2001).

Under § 2254(d), federal habeas relief is available where the state court's decision is "contrary to" or represents an "unreasonable application of" clearly established law.  In Williams v. Taylor, 529 U.S. 362 (2000) (O'Connor, J., concurring, garnering a majority of the Court), the United States Supreme Court explained these different standards.  A state court decision is "contrary to" Supreme Court precedent if it is opposite to that reached by the Supreme Court on the same question of law, or if the state court decides the case differently than the Supreme Court has on a set of materially indistinguishable facts.  See id. at 405.  A state court decision is also "contrary to" established law if it applies a rule which contradicts the governing law set forth in Supreme Court cases.  See id.  In sum, the petitioner must demonstrate that Supreme Court precedent requires a contrary outcome because the state court applied the wrong legal rules.  Thus, a state court decision applying the correct legal rule from Supreme Court cases to the facts of a particular case is not reviewed under the "contrary to" standard.  See id. at 406.  If a state court decision is "contrary to" clearly established law, it is reviewed to determine first whether it resulted in constitutional error.  See Benn v. Lambert, 293 F.3d 1040, 1052 n.6 (9th Cir. 2002).  If so, the next question is whether such error was structural, in which case federal habeas relief is warranted.  See id.  If the error was not structural, the final question

is whether the error had a substantial and injurious effect on the verdict, or was harmless.  See id.

A state court decision is reviewed under the far more deferential "unreasonable application of" standard where it identifies the correct legal rule from Supreme Court cases, but unreasonably applies the rule to the facts of a particular case.  See id.; see also Wiggins v. Smith, 123 S.Ct. 252 (2003).  While declining to rule on the issue, the Supreme Court in Williams, suggested that federal habeas relief may be available under this standard where the state court either unreasonably extends a legal principle to a new context where it should not apply, or unreasonably refuses to extend that principle to a new context where it should apply.  See Williams, 529 U.S. at 408-09.  The Supreme Court has, however, made it clear that a state court decision is not an "unreasonable application of" controlling law simply because it is an erroneous or incorrect application of federal law.  See id. at 410; see also Lockyer v. Andrade, 123 S.Ct. 1166, 1175 (2003).  An "unreasonable application of" controlling law cannot be found even where the federal habeas court concludes that the state court decision is clearly erroneous.  See Lockyer, 123 S.Ct. at 1175.  This is because ". . . the gloss of clear error fails to give proper deference to state courts by conflating error (even clear error) with unreasonableness."  Id.  As with state court decisions which are "contrary to" established federal law, where a state court decision is an "unreasonable application of" controlling law, federal habeas relief is nonetheless unavailable if the error was non-structural and harmless.  See Benn, 283 F.3d at 1052 n.6.

### III.  DISCUSSION

In the instant federal habeas petition, petitioner raises two claims: (1) there was insufficient evidence; and (3) his sentence constitutes cruel and unusual punishment.

    A.    **<u>Sufficiency of the Evidence</u>**

When a challenge is brought alleging insufficient evidence, federal habeas corpus relief is available if it is found that, upon the record of evidence adduced at trial, viewed in the light most favorable to the prosecution, no rational trier of fact could have found proof of guilt

beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319 (1979). Under Jackson, the court must review the entire record when the sufficiency of the evidence is challenged on habeas. See id. It is the province of the jury to "resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." Id. "The question is not whether we are personally convinced beyond a reasonable doubt. It is whether rational jurors could reach the conclusion that these jurors reached." Roehler v. Borg, 945 F.2d 303, 306 (9th Cir. 1991). The federal habeas court determines sufficiency of the evidence in the context of the substantive elements of the criminal offense, as defined by state law. See Jackson, 443 U.S. at 324 n.16.

As to petitioner's sufficiency of the evidence claim, the state court stated:

> The test for "determining a claim of insufficiency of the evidence in a criminal case is whether, on the entire record, a rational trier of fact could find the defendant guilty beyond a reasonable doubt. On appeal, we must view the evidence in the light most favorable to the People and must presume in support of the judgment the existence of every fact the trier could reasonably deduce from the evidence.
> "Although we must ensure the evidence is reasonable, credible, and of solid value, nonetheless it is the exclusive province of the trial judge or jury to determine the credibility of a witness and the truth or falsity of the facts on which that determination depends. Thus, if the verdict is supported by substantial evidence, we must accord due deference to the trier of fact and not substitute our evaluation of a witness's credibility for that of the fact finder." [citations omitted].
> In asserting there is insufficient evidence to support his conviction for first degree residential burglary, defendant raises a number of claims.
> First, he asserts the conviction cannot stand because there was no evidence that he actually entered the victim's house. That is not the case. A neighbor testified he saw defendant come out of the victim's house, and he described defendant as having his left arm fully extended to push the screen door open, while his right arm was behind him, as if to close the inner door. This evidence was sufficient for the jury to conclude that defendant had been inside the house and not simply on the porch.
> Second, noting that the backpack was never found, defendant asserts that the pack was described as "stuffed with tools," and therefore could not have contained the missing items. Defendant mischaracterizes the witness's testimony. The neighbor testified only that he saw tools sticking out of a full backpack. He did not testify that the backpack was stuffed with tools. Other witnesses described the missing items and stated that they were small enough to fit into the backpack. This evidence was sufficient for the jury to conclude that defendant used the backpack to remove the other stolen items.

6

        Finally, defendant emphasizes that he was not found in possession of the stolen items and that someone else might have committed the burglary during the time the house was vacant. He also notes that his fingerprints were not found inside the house. However, police witnesses described the fingerprint process and explained why fingerprints are not always found.

        In short, this is not a case of insufficient evidence, but rather a case of conflicting testimony. The jury rejected defendant's explanation of events and credited the testimony of prosecution witnesses. Abundant evidence was presented at trial to support the jury's verdict.

Because the state court applied the correct federal legal rules, this court must review under the more deferential "unreasonable application of" standard. Having reviewed the entire record, the court agrees with the state court's assessment of the evidence. As the state court explained, this is a case of conflicts in the evidence, which the jury resolved against petitioner. Because there was sufficient evidence, the state court's decision was not an "unreasonable application of" controlling federal law.

    **B.**    **Cruel and Unusual Punishment**

As to petitioner's Eighth Amendment claim, the state court stated:

> The United States Constitution prohibits cruel and unusual punishment by applying a "'narrow proportionality principle.'" [citing Ewing v. California, 538 U.S. 11, 20 (2003)].
> The fact that this crime was committed without violence when no one was home does not minimize the fact that defendant committed a serious felony, a residential burglary. Defendant presents only a selective portion of his criminal record. Not only was defendant convicted of two prior residential burglaries, he also had three juvenile adjudications and a string of numerous other adult convictions from 1980 to 1995, including convictions for disturbing the peace, petty theft, possession of methamphetamine, possession of stolen property, and spousal abuse. Given the facts of this case and defendant's relenting recidivism, a sentence of [35] years to life is not grossly disproportionate to the crime. The sentence imposed does not constitute cruel and unusual punishment.

The court finds that the state court applied the correct legal rules. Therefore, the state court's decision is reviewed under the "unreasonable application of" standard.

/ / /

/ / /

As the state court observed, petitioner's claim is foreclosed by the Ewing decision, as well as the Supreme Court's decision in Lockyer v. Andrade, 538 U.S. 63 (2003), decided at the same time as Ewing.  In Ewing, the petitioner had been convicted of grand theft, a "wobbler" under California law, meaning that it could have been charged as either a misdemeanor or felony, and had three prior burglary convictions and one prior robbery conviction.  See Ewing, 538 U.S. at 16-19.  The Court concluded that Ewing's sentence of 25 years to life under California's "three strikes law" did not violate the Eighth Amendment.  See id. at 22-24.  In Andrade, the petitioner was convicted of two counts of petty theft, also wobblers because the petitioner had prior theft convictions, and had three prior residential burglary convictions.  See Andrade, 538 U.S. at 66-68.  Mr. Andrade was sentenced to two consecutive terms of 25 years to life (effectively, 50 years to life).  See id.  The Supreme Court concluded that the state court's rejection of the petitioner's Eighth Amendment claims was neither an "unreasonable application of" federal law or "contrary to" federal law.  See id. at 72-76.

Because the facts of petitioner's case, in particular his two prior convictions for residential burglary and other criminal conduct, do not present a scenario more sympathetic than Ewing or Andrade, this court is bound to follow Supreme Court precedent and conclude that petitioner's sentence dies not violate the Eighth Amendment.  Specifically, the court finds that petitioner's criminal history is at least as serious as those examined by the Supreme Court in Ewing and Andrade.

## IV.  CONCLUSION

Based on the foregoing, the undersigned recommends that petitioner's petition for a writ of habeas corpus be denied and that the Clerk of the Court be directed to enter judgment and close this file.

/ / /

/ / /

8

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  October 19, 2006.

**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE